IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAS DIAZ-NUNEZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 1:07-cv-1858  AWI<br><br>(No. 1:06-cr-27  AWI)<br><br>**ORDER ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255 AND REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Civ. Doc. No. 1/Crim. Doc. Nos. 25 & 26) |

    Pursuant to a plea agreement, Petitioner pled guilty to one count of 21 U.S.C. § 841(a)(1), distribution of a controlled substance on July 3, 2006.  Criminal Docket Doc. Nos. 10, 11.  As part of the plea agreement, Petitioner agreed to waive his right to appeal and his right to challenge his conviction and sentence.  See id. at Doc. No. 10.  On February 12, 2007, Petitioner was sentenced to 44 months in custody and 48 months supervised release.  See id. at Doc. No. 22.  Judgment and commitment was entered on February 20, 2007.  See id. Doc. No.23.  Petitioner filed this 28 U.S.C. § 2255 motion on December 20, 2007.  See id. at Doc. No. 26.

    28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)

(quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989).  Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing.  United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194.  Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  Howard, 381 F.3d at 877.

Here, Petitioner asks that the Court grant him relief and explains that the "reasons for filing this motion" are: "(1) inaccurate information in the PSI report; (2) illegal sentence; (3) ineffective assistance of counsel; (4) counsel's failure to investigate or call witnesses; and (5) error in guideline calculation." See Criminal Docket Doc. No. 26.  There are absolutely no facts alleged.  Because Petitioner has alleged no facts that, if true, would entitle him to relief, but has instead made only bare legal conclusions with no elaboration or factual support, Petitioner has failed to state a claim for relief and no hearing is necessary.  See Howard, 381 F.3d at 877; McMullen, 98 F.3d at 1159; Burrows, 872 F.2d at 917; Hearst, 638 F.2d at 1194.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to Appoint Counsel and 28 U.S.C. § 2255 Petitioner are both DENIED, and the Clerk shall CLOSE this case.

IT IS SO ORDERED.

**Dated:    February 18, 2009**          /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE